IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED
JAN 2 7 2012
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

No. 5:10-CT-3054-BO

CHRIS SCHOWERTH, )
    Plaintiff, )
)
v. ) O R D E R
)
SHERIFF JOHN INGRAM, et al., )
    Defendants. )

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 as a pre-trial detainee. He alleges cruel and unusual punishment during his incarceration at the Brunswick County Jail. Specifically, he claims that from October 2009 through March 2010, there was no heat in the jail and that he and others in the jail's custody were cold. The matter is before the court on defendants' motion for summary judgment. (D.E. # 18). The court considers the letter from June 22, 2011, as his response to the motion. (D.E. # 23).

Plaintiff alleges that from October 2009 through March 2010 the jail officials ignored the cold temperature in the jail. He asserts in his response that "in the winter they had kept the jail so cold that there was ice on the walls." No specific dates are alleged, just the range of October 2009 through March 2010.

The summary judgment material before the court states that the thermostat for the jail's heating system was working and that the heat was pre-set from 70 to 75 degrees. (Evans Aff., ¶ 2). The temperature for the heating and air-conditioning is checked every morning by a maintenance technician and breakdowns are to be made immediately. (Id.). The jail and sheriff's office, which are attached and in the same building complex, have 31 heating and

cooling units. (Id.). The pre-set temperature is done to comply with state regulations which require the jail be heated to between 70 and 75 degrees. (Id.). The building maintenance supervisor, James W. Carter, confirms the same. He states that while daily logs are not kept, they are pre-set and only a few individuals have the authority to set the temperature. (Carter Aff. ¶ 2). He also states that during the time in question, "several gas valves on the heating units in the jail broke and had to be replaced, but that the heating system in the jail continued to work." (Id., ¶ 3).

Furthermore, sheets and blankets are provided and inmates may wear socks on their arms for warmth. (Id., ¶ 3). In fact, plaintiff states that he wore socks on his arms. (Compl.) In the day rooms, inmates can exercise and take hot showers. (Carter Aff. ¶ 3) Lastly, Evans' affidavit states that the medical records of the jail do not show any allegations relating to the cold temperatures. (Evans Aff., ¶ 4). Plaintiff does not refute this statement in his response.

A pre-trial detainee's claim of unconstitutional behavior falls not under the Eighth Amendment, but the due process clause. However, "[p]retrial detainees are entitled to at least the same protections under the Fourteenth Amendment as are convicted prisoner under the Eighth Amendment." Young. v. City of Mount Rainer, 238 F.3d 567, 575 (4th Cir. 2001); see also Coil V. Peterkin, 2009 WL 3247848, *8 (M.D.N.C.) ("pertinent constitutional guarantee for the punishment of pretrial detainees is the Due Process Clause of the Fourteenth Amendment," but "pretrial detainees 'retain at least those constitutional rights . . . enjoyed by convicted prisoners'" under the Eighth Amendment (quoting Bell v. Wolfish, 441 U.S. 520, 534 n.16 (1979)); see also City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 243-245 (1983).

A prisoner has a clearly established protected right to be free from an excessive risk to health or safety of which a prison official knows or consciously or intentionally disregards.

Farmer v. Brennan, 511 U.S. 825, 835 (1994). A plaintiff must show both "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (internal quotation marks omitted). The first prong requires the court to determine whether the deprivation was objectively sufficiently serious, while the second prong requires the court to determine whether the officials acted with a subjectively sufficiently culpable state of mind. Id. (citing Wilson v. Seiter, 501 U.S. 294, 298(1991)). "[D]eliberate indifference entails something more than mere allegation, ... [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. "It requires that a prison official know of and disregard [an] objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995) (citing Farmer, 511 U.S. at 837). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 at 837.

Plaintiff has failed to show a serious deprivation from the alleged temperature in the jail. Furthermore, he has failed to show knowledge of, or complete disregard to, a serious condition. The jail provided blankets and sheets and let the detainees wear socks on their arms. The state regulations require a temperature between 70 and 75 and the thermostats are pre-set. It is clear that during the time in question several gas valves broke, but the values were immediately fixed. The heat from the other units, and there were 31 total, were functioning properly. See Coil v.

Peterkin, 2009 WL 3247878 (M.D.N.C.). No medical requests were made by plaintiff regarding the temperature throughout the time in question.

For the above stated reasons, summary judgment (D.E. # 18) is GRANTED and the case is DISMISSED with prejudice. The court notes that the allegations referenced in the response (D.E. #23) reference a physical assault, but do not seek to include the matter pursuant to Rule 15 of the Federal Rules of Civil Procedure and may be brought separately from the conclusion of this matter. Given the dismissal of the matter, the motion for settlement (D.E. # 24) is DENIED.

SO ORDERED, this the 27 day of January 2012.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE